UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYMOND ENGLAND,**

        **Plaintiff,**

-vs-                                            Case No.  6:08-cv-326-Orl-19GJK

**USA FEDERAL CREDIT UNION,**
**a Federal Charter credit union,**

        **Defendant.**
_____

# ORDER

This case comes before the Court on the Emergency Motion of Plaintiff for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 4, filed Mar. 5, 2008). Plaintiff Raymond England filed this case in Orange County Circuit Court on February 13, 2008, against Defendant USA Federal Credit Union ("FCU"), alleging that FCU converted his funds and failed to pay him according to a contract. (Doc. No. 3, filed Mar. 5, 2008, at ¶¶ 17-23.) On February 26, 2008, England filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 4.)

According to the motion, England owned three certificates of deposit (CDs) which were scheduled to mature on January 29, 2008. (*Id.* at 2.) With accrued interest, the CDs were worth $1,213,176.84. (*Id.*) On January 9, 2008, FCU sent England notice stating that unless he otherwise acted, FCU would deposit the CDs into England's money market account upon their maturation. (*Id.*) Content with this result, England did not respond. (*Id.*) However, when the CDs matured, FCU instead purchased new CDs bearing a lower interest rate. (*Id.*) England contends that FCU's actions amount to conversion and breach of contract. (*Id.* at 4.) England argues that injunctive relief is

necessary because he believes that the "funds are going to be incorrectly diverted from USA Credit to [a third party], removed from the country, and placed beyond the reach of this court." (*Id.* at 3.)[1]

On March 5, 2008, FCU removed to this Court, asserting two grounds for federal subject matter jurisdiction: (1) that federal jurisdiction exists under 12 U.S.C. section 632 because FCU is a federally chartered bank and this case arose "out of transactions involving international or foreign banking"; and (2) diversity jurisdiction exists because FCU is "localized" in the state of California and England is a resident of Florida. (Doc. No. 1, filed Mar. 5, 2008, at 4-7.)[2]

**Standard of Review**

A preliminary injunction may only issue when the moving party establishes that: (1) there is a substantial likelihood that he will ultimately prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d

---

[1] FCU has introduced evidence suggesting that the funds at issue may soon be deposited into an interpleader account. (Doc. No. 2-2; Doc. No. 2-3; Doc. No. 2-4; Doc. No. 2-5; Doc. No. 2-6.) A civil case is currently pending against England in the U.S. District Court for the District of Hawaii. The plaintiffs in that case have asserted a claim against FCU requesting interpleader of England's funds. (Doc. No. 2-3 at ¶¶ 92-95.) A hearing on that request is scheduled for March, 24, 2008. (Doc. No. 2-6.) FCU has filed a motion to dismiss in the instant case, arguing that England's claims are an improper attempt to circumvent the interpleader in the Hawaii case. (Doc. No. 5, filed Mar. 5, 2008.) Because England's emergency motion may be decided on other grounds, the Court will address this matter when it rules on FCU's motion to dismiss.

[2] FCU filed an affidavit in support of federal subject matter jurisdiction. The affidavit explains that England purchased the CDs at issue in an FCU branch located at a U.S. Army base located in Seoul, South Korea. (Doc. No. 2 at ¶ 10.) The affidavit also states that FCU is a federally chartered bank under 12 U.S.C. section 1751, and that most of its operations are in California. (*Id.* at ¶¶ 3, 6.)

1223, 1225-26 (11th Cir. 2005); *Ferrero v. Assoc. Materials Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991).

The requirement of irreparable harm or injury is the "*sine qua non* of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "An injury is irreparable only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) (lost business is not an irreparable harm because it can be compensated through monetary damages). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

**Analysis**

England's Motion for a Temporary Restraining Order and Preliminary Injunction must be denied because he has failed to show that he will suffer an irreparable injury if injunctive relief is denied. England's motion cites to Florida law, which England argues does not require a showing of irreparable injury in certain circumstances.[3] However, now in federal court, this case is subject to federal procedural law. *Ferrero*, 923 F.2d at 1448 (determining that federal procedural law governs under *Hanna v. Plumer*, 380 U.S. 460, 472 (1965), even when the standard for an injunction in state court is more permissive than federal court). England asserts that he will suffer $1,213,176.84 in harm if FCU does not pay him as he is allegedly owed. (Doc. No. 4 at 2-4.) This

---

[3] Section 812.035 of the Florida Statutes allows the Florida courts to enjoin a "theft" under section 812.014 without a showing of irreparable harm to the movant. England also cites to *Ga. Banking Co. v. GMC Lending & Mortgage Servs. Corp.*, 923 So. 2d 1224, 1225 (Fla. 3d DCA 2006), which permitted the issuance of an injunction to prevent the dissipation of funds when the holder of a "specific identifiable trust fund" failed to turn the fund over to the movant.

is an injury that may be "undone through monetary remedies," and injunctive relief is therefore unavailable. *Cunningham*, 808 F.2d at 821.

As a further ground to deny relief, Plaintiff has failed to show a substantial likelihood of prevailing on the merits when the record reflects a pending action in another jurisdiction involving the same funds and the parties to the instant case.

## Conclusion

The Emergency Motion of Plaintiff for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 4, filed Mar. 5, 2008) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March _6__, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record