UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RAYMOND ENGLAND,**

        **Plaintiff,**

-vs-                                                                                              Case No.  6:08-cv-326-Orl-19GJK

**USA FEDERAL CREDIT UNION,**
**a Federal Charter credit union,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion of Defendant Federal Credit Union to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Improper Venue, Failure to State a Cause of Action, Failure to Join an Indispensable Party, and Alternatively, Abate or Transfer.  (Doc. No. 5, filed Mar. 5, 2008); and

2. Memorandum of Law in Support of Motion To Dismiss Plaintiff's Complaint (Doc. No. 13, filed Mar. 19, 2008).

Plaintiff Raymond England filed this case in Orange County Circuit Court on February 13, 2008, against Defendant USA Federal Credit Union ("FCU"), alleging that FCU converted his funds and failed to pay him according to a contract.  (Doc. No. 3, filed Mar. 5, 2008, at ¶¶ 17-23.)  On February 26, 2008, England filed an Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction.  (Doc. No. 4.)  FCU removed the case to this Court on March 5, 2008, and the Court immediately denied England's Emergency Motion because he failed to show

irreparable harm or the likelihood of success on the merits. (Doc. No. 1, filed Mar. 5, 2008; Doc. No. 8, filed Mar. 8, 2008.)

Prior to removal, FCU filed a Motion in state court to dismiss or, in the alternative, transfer the case to the U.S. District Court for the District of Hawaii. (Doc. No. 5.) FCU contends that the funds at issue in this case are the subject of an interpleader in a case pending against England in the Hawaiian District Court. (*Id.* at 2.) On March 21, 2008, FCU filed notice that the Hawaiian District Court designated the funds at issue as "interpleader funds" and under the "exclusive jurisdiction of the United States District Court for the District of Hawaii." (Doc. No. 26; Doc. No. 26-1 at 4.) Pursuant to 28 U.S.C. section 2361, the Order "restrained" England from "instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in [the] interpleader action." (*Id.* at 5.)

England did not respond to FCU's Motion to Dismiss or Transfer, and the failure to oppose a dispositive motion raises an inference that the party does not object to such motion.[1] *See, e.g., Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005). Furthermore, the interpleader in the Hawaiian District Court has provided that Court with subject matter jurisdiction over the funds at issue, and the Hawaiian Court has determined that its jurisdiction is exclusive. (Doc. No. 26-1 at 4.)

---

[1] England filed an Amended Complaint without leave of the court as required by Federal Rule of Civil Procedure 15(a)(2). Even if the Court were to permit England's amendments, the same problems regarding subject matter jurisdiction remain. England's amended claims regard the same certificates of deposit at issue in the earlier complaint and the Hawaiian case. (Doc. No. 19 at 2 n.1, 3.)

Accordingly, the case shall be transferred to the U.S. District Court for the District of Hawaii pursuant to 28 U.S.C. section 1404(a).[2] The Clerk shall close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 1, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[2]   28 U.S.C. section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. Title 28 U.S.C. section 1631 provides that the Court with exclusive jurisdiction is the proper Court to proceed with the case.